## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CASE NO. 4:16-CR-69-1 |
| | § | Judge Crone/Judge Nowak |
| TROY RAMONE JOHNSON(1), | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Troy Ramone Johnson's Letter Motion for extension of time to appeal ("Motion") [Dkt. 39]. On February 5, 2018, the motion was referred to the undersigned U.S. Magistrate Judge for consideration and a determination or recommended disposition pursuant to 28 U.S.C. § 636 [Dkt. 40]. Having considered the Letter Motion, and all other relevant filings, the Court recommends the Motion be **DENIED** to the extent asserted under Appellate Rule 4(b); and, to the extent Defendant's Letter Motion is a request for an extension of the one year deadline to file a 2255 request for relief it should be docketed for consideration in Defendant's related case: Cause No. 4:18cv231.

On July 20, 2016, Defendant pleaded guilty without a plea agreement to possession of a firearm by a felon, in violation of Title 18 U.S.C. § 922(g) [Dkt. 22]. On January 10, 2017, the Court sentenced Defendant to 51 months of imprisonment in the Bureau of Prisons [Dkt. 34]. On January 13, 2017, the criminal judgment was entered on the docket. On January 31, 2018, over a year later, the present motion was filed [Dkt. 39]. Therein, Defendant requests a thirty (30) to forty-five (45) day extension of time to file his "appeal." *Id*. Defendant asserts that he is entitled to this relief because his prison was on institutional lockdown from December 8, 2017 until January 3, 2018.

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, Defendant had 14 days to file timely notice of appeal from entry of judgment. Fed. R. App. P. 4(b)(1)(A). A judgment is entered for the purposes of Rule 4(b) when it is entered on the criminal docket. Fed. R. App. P. 4(b)(6). Upon a finding of "excusable neglect" or "good cause," section 4 of Rule 4(b) permits a district court, with or without motion, to extend the time to file notice of appeal for a period not to exceed 30 days from the expiration of time otherwise prescribed in Rule 4(b). Fed. R. App. P. 4(b)(4). However, district courts cannot extend such time to file beyond the time period prescribed in Rule 4(b). Therefore, if a defendant does not request an extension until after the 30-day extension period has expired, the district court's power to act is limited. *United States v. Leijano-Cruz*, 473 3d. 571 (5th Cir. 2006); *Balderrama v. United States*, EP 13-CR-925, 2015 WL 12942489, *2, n. 13-14 (W.D. Tex. May 28, 2015) (Order ECF No. 83, Jan. 15, 2014).

Defendant acknowledges that he did not timely file an appeal [Dkt. 39]. Defendant's notice of appeal was not filed within fourteen days after entry of judgment. Moreover, Defendant's motion for extension was not filed within thirty days of the expiration of the appeal period as required by Rule 4(b). *See United States v. Vivar-Villarreal*, 364 F. App'x (5th Cir. 2010) (citing *United States v. Leijano-Cruz*, 473 3d. 571 (5th Cir. 2006)). As such, the Court lacks the power to grant Defendant relief under Appellate Rule 4(b).

Notwithstanding, the Court concludes that Defendant's pending request for extension of time to appeal should be construed as a request for an extension of the one year deadline to file a § 2255 request for relief and should be docketed in Defendant's related civil case: Cause No. 4:18cv231. On April 2, 2018, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Dkt. 41; Civ. 4:148cv231 Dkt. 1].[1]

---

[1] Under the one year limitations period applicable to § 2255 Motions, Defendant's window to file a Section 2255 motion expired one year after his sentencing.

The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, is not jurisdictional and, therefore, is subject to equitable tolling. *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). Thus, a district court has the discretion to toll the AEDPA limitations period where it would be unconscionable to enforce the limitation.

In order to satisfy his burden, Defendant "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." *United States v. Petty,* 530 F.3d 361, 365 (5th Cir. 2008) (quoting *Lawrence v. Florida,* 549 U.S. 327, 336 (2007)). Equitable tolling "is permitted only in 'rare and exceptional circumstances.'" *United States v. Redd,* 562 F.3d 309 (5th Cir. 2009) (quoting *Petty,* 530 F.3d at 364). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Patterson,* 211 F.3d at 930 (internal quotations omitted). Defendant bears the burden of establishing that equitable tolling is appropriate. *Petty,* 530 F.3d at 365.

"Whether to equitably toll the limitations period turns on the facts and circumstances of each case." *Petty,* 530 F.3d at 364. In describing the nature of the circumstances warranting equitable tolling, the Fifth Circuit has quoted the Fourth Circuit. "[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Petty,* 530 F.3d at 365 (quoting *Minter v. Beck,* 230 F.3d 663, 666-67 (4th Cir. 2000)).

In support of his request for extension, Defendant cites a prison lockdown lasting from December 8, 2017 to January 3, 2018. Generally, prison lockdowns which occur during the one year period do not justify equitable tolling. *United States v. Saenz-Lopez,* slip op., No. 3:08-CV-1601-M, 2009 WL 453932, at *3 (N.D. Tex. Feb. 23, 2009) (holding that a lockdown which temporarily deprived inmates of use of the law library did not prevent the movant from timely filing of a § 2255 motion). *See also Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir.) (holding that a lockdown reasonably related to legitimate penological interests is not an unconstitutional impediment to the timely filing of a § 2255 motion, where the movant had more than seven months prior to lockdown to draft and file his motion), *cert. denied,* 531 U.S. 971 (2000); *Perry v. Vaughn,* Civ. A. No. 02-839, 2003 WL 22391236, at *4 (E.D. Pa. Oct. 17, 2003) (holding that a prison lockdown and restriction of library access alone do not constitute extraordinary circumstances); *Aguirre v. White,* No. C 98-3723, 1999 WL 155694, at *2 (N.D. Cal. Mar. 12, 1999) (finding that 180 days of lockdown and limited library access did not support equitable tolling absent evidence that the lockdown prevented the timely filing of the § 2255 motion). However, where the lockdown occurs close in time to the AEDPA deadline, and inhibits or prevents submission of the 2255 motion, a court may find that the lockdown prevented the timely filing of a § 2255 motion. *See Munnerlyn v. United States,* slip op., No. 1:08-cv-229, 2009 WL 1362387, at *4-5 (S.D. Ohio May 13, 2009) (indicating that the denial of access to the mail may prevent the timely filing of a § 2255 motion and warrant equitable tolling); *Brooks v. Olivarez,* No. 98-134, 1998 WL 474160, at *2 n. 2 (N.D. Cal. Aug. 5, 1998) (indicating that where a lockdown or library closure very near the deadline prevents the timely filing of a § 2255 motion equitable tolling may be justified).

The facility at which Defendant is housed was in "institutional lockdown" from December 8, 2017 through January 3, 2018 [Dkt. 39 at 1-2]. Defendant's deadline to file a § 2255 motion expired on January 13, 2018 [*see* Dkts. 35; 39]. First, Defendant did not complete and submit his § 2255 petition until April 2, 2018 [Dkt. 48], more than three months after lockdown was lifted and more than ninety (90) days after the deadline. Moreover, Defendant did not file the instant request for extension until two weeks after the deadline and over twenty days after the lockdown ended. Defendant further fails to allege that he has been vigorously researching or preparing his § 2255 motion and that, but for the lockdown, he would have timely filed his motion. At present, the facts do not support the conclusion that the lockdown prevented Defendant from timely filing his § 2255 motion. Defendant also offers no explanation for failing to file his petition during the first eleven months of the limitations period, i.e. between January 2017 and December 2017. *See Coppin v. United States*, 3:10-CR-345-K(1), 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance which prevented Defendant from filing § 2255 motion); *United States v. Ramirez*, CRIM.B-07-041-1, 2010 WL 837446, at *4 (S.D. Tex. Mar. 4, 2010) ("Thus, the Court notes that Ramirez had many months, before the lockdown, in which to complete his § 2255 motion, but failed to file any version of a request for relief. From this it appears clear that the failure to timely file is not accurately attributable to the lockdown."). However, before dismissing Defendant's 2255 motion as untimely Defendant should be permitted an opportunity to respond and to offer additional explanation as to the timeliness of his filings.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion be **DENIED** to the extent asserted under Appellate Rule 4(b) and be docketed for consideration in Defendant's related case: Cause No. 4:18cv231. The Court further recommends that Defendant be permitted an opportunity to respond and offer additional explanation as to the timeliness of his filing(s) in Cause No. 4:18cv231.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of May, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE