| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
|  | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:16CR69(1) |
|  | § | |
| TROY RAMONE JOHNSON | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 1, 2018, the report of the Magistrate Judge (Dkt. #42) was entered containing proposed findings of fact and recommendations that Defendant Troy Ramone Johnson's Letter Motion for Extension of Time to Appeal (Dkt. #39) be **DENIED** to the extent asserted under Appellate Rule 4(b); and to the extent Defendant's Motion constitutes a request for an extension of the one-year deadline to file a § 2255 request for relief, that it be docketed for consideration in Defendant's pending § 2255 action, Cause No. 4:18cv231.

Having received the report of the Magistrate Judge, having considered Defendant's Objections (Dkt. #43), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

### RELEVANT PROCEDURAL HISTORY

On July 20, 2016, Defendant pleaded guilty without a plea agreement to possession of a firearm by a felon, in violation of Title 18 U.S.C. § 922(g) (Dkt. #22). On January 10, 2017, the Court sentenced Defendant to 51 months of imprisonment in the Bureau of Prisons (Dkt. #34).

On January 13, 2017, the criminal judgment was entered on the docket (Dkt. #35). On January 31, 2018, over a year later, Defendant filed the instant Letter Motion for Extension of Time (Dkt. #39). Therein, Defendant requested a thirty (30) to forty-five (45) day extension of time to file his "appeal." *Id*. The Magistrate Judge recommended that Defendant's Motion for Extension of Time, to the extent asserted under Rule 4(b), be denied; and to the extent intended as a request for extension of the one year deadline to file a § 2255 request for relief, that Defendant's request be docketed for consideration in his pending § 2255 action. On April 2, 2018, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (*Johnson v. United States*, 4:18cv231, Dkt. #1).

## DEFENDANT'S OBJECTIONS

Defendant's objections do not dispute the Magistrate Judge's finding under Appellate Rule 4(b); rather, Defendant's objections focus on those facts and circumstances that Defendant asserts render his § 2255 motion timely, including his unresolved state court charges and certain institutional lockdowns that occurred subsequent to entry of final judgment.

The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, is not jurisdictional, and therefore, is subject to equitable tolling. *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). Thus, a district court has the discretion to toll the AEDPA limitations period where it would be unconscionable to enforce the limitation.

"Whether to equitably toll the limitations period turns on the facts and circumstances of

each case." *United States v. Petty,* 530 F.3d 361, 364 (5th Cir. 2008). In describing the nature of the circumstances warranting equitable tolling, the Fifth Circuit has quoted the Fourth Circuit: "[e]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 365 (quoting *Minter v. Beck,* 230 F.3d 663, 666-67 (4th Cir. 2000)).

The Magistrate Judge noted, without deciding, that generally, prison lockdowns that occur during the one-year limitations period do not justify equitable tolling. *See Coppin v. United States*, 3:10-CR-345-K(1), 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented Defendant from filing § 2255 motion). In addition to the referenced lockdowns, Defendant now posits that his time in state custody also contributed to any failure to timely file. Specifically, Defendant claims that after receiving his federal sentence "I had to return to the State's Court [f]or two unresolved charges (Collin and Dallas) that took approximately nine month's [sic] to resolve." (Dkt. #43 at p. 1). Defendant asserts that during this time in state custody he "had no way or the resources to work on my motion" and thus only had "three month's [sic] to have my motion in before I was time-barred." (Dkt. #43 at p. 1). "It was established long ago that 28 U.S.C. § 2255 'is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future.'" *See United States v. Tamfu*, 3:01-CV-1719-P, 2002 WL 31452410, at *6 (N.D. Tex. Oct. 5, 2002) (quoting *Simmons v. United States,* 437 F.2d 156, 159 (5th Cir. 1971).

Having fully reviewed Defendant's filings, the undersigned agrees with the Magistrate Judge that before dismissing Defendant's § 2255 motion as untimely, Defendant should be

3

permitted an opportunity to fully respond in his pending civil action, Cause No. 4:18cv231, and to offer in that case any additional explanation as to the timeliness of his § 2255 filings. The Court reiterates that, generally, neither Defendant's time in state custody, nor the prison lockdown, considered independently or in conjunction, constitutes one of those "rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Petty,* 530 F.3d at 365 (quoting *Minter,* 230 F.3d at 666-67).

Accordingly, it is **ORDERED** that Defendant Troy Ramone Johnson's Motion for Extension of Time to Appeal (Dkt. #39) is **DENIED** under Appellate Rule 4(b). Defendant's Motion and Response shall be docketed in Cause No. 4:18cv231, and shall be construed therein as a request for an extension of the one-year deadline to file a § 2255 request for relief.

**IT IS SO ORDERED.**

SIGNED at Beaumont, Texas, this 11th day of June, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE