**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-69- |
| | § | ALM-CAN |
| TROY RAMONE JOHNSON (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Troy Ramone Johnson's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on January 17, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Heather Rattan.

Defendant was sentenced on January 10, 2017, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 year. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. Defendant was subsequently sentenced to 51 months imprisonment subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment. On February 23, 2021, Defendant's case was reassigned to U.S. District Judge Amos L. Mazzant, III. On March 16, 2021, Defendant completed his period of imprisonment and began service of the supervision term. He was not released from Volunteers of America Residential Reentry Center until April 22, 2021, due to housing issues.

On February 14, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 51, Sealed].   The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must refrain from any unlawful use of a controlled substance; and (3) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer [Dkt. 51 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On January 25, 2022, Defendant was arrested by the Plano, Texas, Police Department for his failure to comply with sex offender registration requirements. According to the Plano Police Department's Probable Cause Affidavit, Defendant completed his initial sex offender registration on April 22, 2021. As part of his registration, he read, initialed, and signed Notification of Registration Duties, which instructed him to report within 7 day any change in name, physical health, job status and educational status. At the time of his registration, Defendant reported he was employed at Shippers Warehouse in Hutchins, Texas. On December 2, 2021, Defendant reported to the Plano Police Department after having missed his scheduled annual verification appointment the day prior. He disclosed that he had been working at the At Home Distribution Center in Plano, Texas, since August 2, 2021. He provided no explanation as to why he did not report the change within the 7-day period, as required. On December 30, 2021, Plano detectives met with Defendant who verified that he had changed jobs in August. When asked why he did not report the change, Mr. Johnson stated, "I never had to, I've never done it." He further stated, "I've never told them I've changed jobs" and said no one had ever mentioned the requirement to him. He did admit he had been convicted twice for like

conduct. Police records show Defendant has two prior convictions for failure to comply. On August 8, 2014, he was convicted in Collin County under Cause Number 219-80511-2014 and sentenced to 2 years confinement. On February 3, 2017, he was convicted in Dallas County under cause number F-1645260 and sentenced to 3 years confinement. Based on Defendant's failure to report his job change within the 7-day required period, he was arrested and charged with Failure to Comply with Registration Requirements; (2) On June 7, 2021, Defendant submitted a urine specimen which yielded positive results for methamphetamine. He denied methamphetamine use but admitted he smoked K2, synthetic marijuana, at a party. Alere Toxicology confirmed Defendant's urine specimen was positive for d-methamphetamine and there was no trace of synthetic marijuana. On June 22, 2021, Defendant submitted a urine specimen which yielded positive results for methamphetamine. He signed an admittance form admitting he used methamphetamine on June 19, 2021. On July 7, 2021, Defendant submitted urine specimen at the U.S. Probation Office in Plano, Texas, as part of the random drug testing program. The specimen yielded a positive result for methamphetamine. Alere Toxicology confirmed Defendant's urine specimen was positive for methamphetamine. On December 27, 2021, Defendant submitted a urine specimen at the U.S. probation Office in Plano, Texas, as part of the random drug testing program. The specimen yielded positive results for methamphetamine. Alere Toxicology confirmed Defendant's urine specimen was positive for methamphetamine; and (3) Defendant admitted that, on June 19, 2021, he associated with individuals who were using methamphetamine and that he knowingly used the drug with them. He signed an admittance form concerning the violation [Dkt. 51 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations.  Having considered the Petition and the plea of true to allegations 1 through 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 62; 63].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twenty-one (21) months, to run consecutively with any other term, and with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in El Reno, Oklahoma, if appropriate.

**SIGNED this 20th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE